IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:11-CR-27-D
No. 2:12-CV-6-D

| ELWOOD JOSEPH CEPHUS, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On September 17, 2013, the court denied in part Elwood Joseph Cephus's ("Cephus" or "petitioner") motion to vacate his sentence under 28 U.S.C. § 2255 and granted in part the government's motion for summary judgment [D.E. 59]. The court referred Cephus's ineffective-assistance-of-counsel claim concerning counsel's alleged failure to file a direct appeal to Magistrate Judge Jones for an evidentiary hearing and a memorandum and recommendation ("M&R"). Id. 6–7.

On October 8, 2013, Judge Jones held an evidentiary hearing. Judge Jones heard testimony from Cephus and Cephus's former counsel (who is a very experienced criminal defense attorney), and received certain exhibits. [D.E. 66, 67, 68]. On November 20, 2013, Magistrate Judge Jones issued a M&R [D.E. 69]. In the M&R, Judge Jones found that Cephus did not direct his counsel to file a direct appeal and recommended that the court dismiss Cephus's section 2255 claim for ineffective assistance of counsel premised on the alleged failure to file a notice of appeal. Id. at 9–11, 16. On December 19, 2013, Cephus filed objections to the M&R [D.E. 74] and a motion to amend his section 2255 motion. See [D.E. 73].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations

to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (alteration in original) (emphasis and quotation omitted). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Id. (quotation omitted).

The court has reviewed the M&R, the record, and Cephus's objections. As for those portions of the M&R to which Cephus made no objection, the court is satisfied that there is no clear error on the face of the record. The court has reviewed de novo the portions of the M&R to which Cephus objected and overrules the objections.

First, Cephus objects to the findings in the M&R that Cephus did not, in fact, instruct his counsel to file an appeal after Cephus received a sentence of 144 months' imprisonment on February 7, 2012. See [D.E. 69] 2–11. The M&R recounts in great detail the interactions between Cephus and his counsel. See id. The court agrees with the factual findings and legal conclusions in the M&R and adopts those findings and conclusions. Thus, the court finds that Cephus did not instruct his counsel to file a notice of appeal and overrules Cephus's first objection.

Next, Cephus seeks to amend his section 2255 petition to assert that his counsel failed to fulfill his duty to consult with Cephus concerning an appeal as set forth in Roe v. Flores-Ortega, 528 U.S. 470 (2000). See [D.E. 73]. The court grants the motion to amend, but denies relief on the claim. Cephus signed a plea agreement that contained an appellate waiver. See [D.E. 24] ¶ 2(c). The court expressly referenced the waiver at Cephus's Rule 11 hearing, [D.E. 42] 20–22, and after sentencing Cephus. See [D.E. 41] 5–6, 20–21. At the sentencing hearing, the court calculated Cephus's advisory Guideline range to be 130 to 162 months' imprisonment and sentenced Cephus to 144 months' imprisonment. See id. 5–21. Cephus's sentence was consistent with the appellate waiver in that it did not exceed the advisory Guideline range calculated at sentencing. See [D.E. 24],

2

¶ 2(c).

As the M&R and the record make clear, Cephus's counsel discussed Cephus's appellate rights with him both before and after his sentencing. See [D.E. 69] 5–7. Although Cephus's counsel acknowledged that he and Cephus were disappointed with the sentence, and had hoped that the court would agree with the government's recommended sentence of 72 months' imprisonment under section 5K1.1, Cephus's counsel did consult with Cephus after the sentence about the advantages and disadvantages of filing an appeal versus seeking to continue to cooperate with the hope of getting a reduced sentence under Rule 35 of the Federal Rules of Criminal Procedure. Id. 6–7. Those conversations took place with a defendant who has a horrible criminal history and who received a sentence within a properly calculated Guideline range and within the heartland of his appellate waiver. After discussing the matter and the possible benefits of continued cooperation, Cephus told his counsel, as reflected in counsel's contemporaneous note to the file and as Judge Jones found, that he did not want to appeal. Id. 6.

Notably, if Cephus had appealed in order to argue that the court erred in the extent of its downward departure, Cephus first would have had to overcome the appellate waiver and then overcome precedent precluding review of the extent of a departure under section 5K1.1. See, e.g., United States v. Hill, 70 F.3d 321, 323–25 (4th Cir. 1995); see also United States v. Dozier, 404 F. App'x 811, 811–12 (4th Cir. 2004) (per curiam) (unpublished). Here, Cephus's counsel performed reasonably and fulfilled his Sixth Amendment obligations under Roe. See, e.g., Roe, 528 U.S. at 477–81; United States v. Blondeau, 531 F. App'x 340, 340–41 (4th Cir. 2013) (per curiam) (unpublished); United States v. Cooper, 617 F.3d 307, 313–15 (4th Cir. 2010); United States v. Matthews, 384 F. App'x 214, 217–18 (4th Cir. 2010) (per curiam) (unpublished); United States v. Edgerton, 282 F. App'x 287, 290–92 (4th Cir. 2008) (per curiam) (unpublished); United States v.

3

Poindexter, 492 F.3d 263, 268–73 (4th Cir. 2007); Hudson v. Hunt, 235 F.3d 892, 896–97 (4th Cir. 2000). Accordingly, the claim fails.

In sum, the court GRANTS Cephus's motion to amend [D.E. 73], but OVERRULES Cephus's objections to the M&R [D.E. 74]. Except as modified in this order, the court ADOPTS the findings and conclusions in the M&R [D.E. 69], DENIES Cephus's motions to vacate [D.E. 43, 45], GRANTS the government's motion [D.E. 55], and DISMISSES Cephus's section 2255 motions [D.E. 43, 45]. The court DENIES a certificate of appealability. See 28 U.S.C. § 2253(c). The clerk shall close the case.

SO ORDERED. This 30 day of December 2013.

JAMES C. DEVER III
Chief United States District Judge