IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:11-CR-27-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ELWOOD JOSEPH CEPHUS, | ) | |
| | ) | |
| Defendant. | ) | |

On October 3, 2011, pursuant to a written plea agreement, Elwood Joseph Cephus ("Cephus") pleaded guilty to conspiracy to possess with intent to distribute and distribute 500 grams or more of cocaine. See [D.E. 23, 24, 42]. On February 7, 2012, the court held Cephus's sentencing hearing. See [D.E. 31, 32, 41]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Cephus's total offense level to be 27, his criminal history category to be VI, and his advisory guideline range to be 130 to 162 months' imprisonment. See Resentencing Report. After granting the government's motion under U.S.S.G. § 5K1.1 and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Cephus to 144 months' imprisonment. See id.; [D.E. 32, 41]. Cephus appealed. On March 5, 2013, the United States Court of Appeals for the Fourth Circuit concluded that Cephus's appeal was untimely and dismissed it. See [D.E. 46].

On September 15, 2015, Cephus moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 87]. On September 16, 2015, Cephus filed a memorandum of law in support of his motion for a sentence reduction [D.E. 88]. Cephus's new advisory guideline range is 110 to 137 months' imprisonment, based on a total offense

level of 25 and a criminal history category of VI. See Resentencing Report. Cephus requests a 118-month sentence. See id.; [D.E. 88] 5.

The court has discretion to reduce Cephus's sentence under Amendment 782. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Cephus's sentence, the court finds that Cephus engaged in serious criminal behavior. See PSR [D.E. 26] ¶¶ 9–10. Moreover, Cephus is a recidivist and has convictions for possession of cocaine (three counts), possession of a handgun, possession with intent to sell or deliver cocaine, and trafficking cocaine by possession. See id. ¶¶ 9–32. Cephus also has performed poorly on supervision and has a spotty work history. See id. ¶¶ 24, 28, 34, 60–70. Nonetheless, Cephus has taken some positive steps while incarcerated on his federal sentence. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Cephus received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Cephus's sentence would threaten public safety in light of his serious criminal conduct and serious criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Cephus's motion for reduction of sentence under Amendment 782. See, e.g., Patterson,

2

671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Cephus's motion for reduction of sentence [D.E. 87].

SO ORDERED. This 15 day of May 2018.

                                             JAMES C. DEVER III
                                             Chief United States District Judge